Contreras v MDG Design & Constr. LLC (2022 NY Slip Op 06082)

Contreras v MDG Design & Constr. LLC

2022 NY Slip Op 06082

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Index No. 25412/19E Appeal No. 16588 Case No. 2021-02321 

[*1]Edwin Contreras et al., Plaintiffs-Appellants,
v
MDG Design & Construction LLC, et al., Defendants-Respondents.
MDG Design & Construction, LLC, et al., Third-Party Plaintiffs-Respondents,
v
Dependable Windows Co. Inc, et al., Third-Party Defendants.
Uptown 6 LLC, Second Third-Party Plaintiff-Respondent,
v
Dependable Windows Co. Inc. et al., Second Third-Party Defendants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Brody O'Connor & O'Connor, New York (Joseph T. O'Connor of counsel), for MDG Design & Construction, LLC and MPLP 6 Housing Development Fund Company, Inc., respondents.
Baxter and Smith, P.C., Hicksville (Patrick H. Thompson of counsel), for Uptown 6 LLC, respondent.
Hickey Smith Dodd LLP, New York (Christopher C. Caiazzo of counsel), for Concord Management of NY LLC, respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered May 18, 2021, which, to the extent appealed from, denied plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law §§ 240 (1) and 241 (6) claims, unanimously affirmed, without costs.
The court correctly denied as premature plaintiffs' motion for partial summary judgment, in light of the incomplete state of discovery. There had only been limited exchange of documents, and none of the parties, including plaintiffs, had been deposed. This limited discovery precluded the determination of dispositive issues, including how the accident occurred, whether the collapse of the ceiling was foreseeable, and whether
the absence of a safety device was the proximate cause of plaintiffs' injuries (see Somereve v Plaza Constr. Corp., 31 NY3d 936, 937 [2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022